UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER BRIGGS,

          Plaintiff,

  v.

STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES,

          Defendant.

CASE NO. 3:24-cv-05606-DGE

REPORT AND RECOMMENDATION

Noting Date: November 4, 2024

      The District Court has referred this matter to United States Magistrate Judge Grady J. Leupold pursuant to General Order 11-22. Before the Court are Plaintiff Christopher Briggs' Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. 4) and proposed Second Amended Complaint (Dkt. 8).

      After consideration of the proposed Second Amended Complaint, the Court finds Plaintiff has not stated a claim upon which relief can be granted. As Plaintiff has been given leave to amend twice and has been unable to cure the deficiencies of his claims, the Court recommends that additional leave to amend not be given, Plaintiff's IFP Application be **DENIED**, and this case be **DISMISSED**.

I.     BACKGROUND

The Court has carefully reviewed the proposed Second Amended Complaint in this matter. Dkt. 8. Because Plaintiff filed this proposed Second Amended Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed Second Amended Complaint, Plaintiff appears to allege the Washington Department of Social and Health Services ("DSHS") improperly found Plaintiff ineligible for the Medicare Savings Program. Dkt. 8 at 5.

II.     DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**A.     Proposed Second Amended Complaint**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, in the proposed Second Amended Complaint, Plaintiff has again failed to plead sufficient claims. Dkt. 8. He simply states he has been denied benefits through the Qualified Individual Medicare Savings Program "even though I meet qualification," *id*. at 5, but does not provide sufficient factual allegations supporting his claim. For example, Plaintiff's allegations do not state how he was qualified for the program and how the Defendant improperly denied him coverage. Rather, he just asserts that he was denied coverage. Further, he attaches several exhibits which appear to be printouts of bills or correspondence regarding bills, but these exhibits are not sufficient to state a claim. Notably, as the Court previously informed Plaintiff, while exhibits may serve as evidentiary support for Plaintiff's allegations, they are not a substitute for a well-pled complaint, and thus will not be considered as part of the proposed Second Amended Complaint. *See* Fed. R. Civ. P. 8(a), (d).

In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a

REPORT AND RECOMMENDATION - 3

claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

B.  **Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff was given notice of the deficiencies in his proposed Complaint as well as in his proposed First Amended Complaint. Dkts. 5, 7. Plaintiff has failed to provide sufficient factual allegations to cure the deficiencies of his proposed Second Amended Complaint. Therefore, Plaintiff should not be afforded another opportunity to amend his proposed Complaint.

C.  **Decision on IFP Application**

A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati*, 821 F.2d at 1370). Based upon the above analysis of the deficiencies in the proposed Second Amended Complaint, the Court recommends the IFP Application (Dkt. 4) be **DENIED**.

### III.     CONCLUSION

For the above stated reasons, the Court recommends Plaintiff's IFP Application (Dkt. 4) be **DENIED** and this case be **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

REPORT AND RECOMMENDATION - 4

1 | R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
2 | *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of
3 | those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*
4 | *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time
5 | limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on
6 | November 4, 2024, as noted in the caption.
7 |            Dated this 21st day of October, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5